ALTENBERND, Judge.
William Crescenzo appeals an order denying his “Motion to Direct Chief Financial Officer to Return Funds to Court.” This case is similar to Crescenzo v. Atwater, No. 2D12-3092 (Fla. 2d DCA Apr. 23, 2014), which we issue on this same date. Again, this court concludes that the motion was properly denied but for reasons other than those contained in the order on appeal. Procedurally, this case is even more complex than the case involving the claim in case number 2D12-3092. Our holding in this case is the same as in the other case. We recite many of the details of this case to demonstrate the problems connected with such claims and to provide notice to two parties in the circuit court whose attorneys have never been notified as to these new proceedings.
In 2004, the Department of Transportation filed an eminent domain proceeding to take a parcel of land owned by Ethel Howard in order to widen Interstate 275 near downtown Tampa. The Department deposited $100,000 with the clerk of the court in April 2005. The Department and Ms. Howard reached a settlement by which Ms. Howard would receive $109,750 for the property. Judge Gregory Holder entered a stipulated judgment in the case on May 12, 2005. That judgment required the Department to deposit another $9750 into the court’s registry.
At the time of the stipulated judgment, Ms. Howard apparently owed $11,800.25 on a promissory note that was secured by a mortgage on the property. A dispute existed as to whether this obligation was owed to Elliptical, Inc., or CitiFinancial Mortgage Company, Inc. As a result, the stipulated judgment ordered that this amount would be held in the registry and should not be released until further order of the court. The order recites: “A satisfaction of mortgage or disclaimer of interest shall be filed by Defendants Elliptical and CitiFinancial within ninety (90) days from the date of this Order.”
In June 2005, the Department deposited the final $9750. From the record, we assume that all moneys were withdrawn from the registry except for the $11,800.25. The Department filed a “notice of dropping parties” on June 8, 2005, that purported to drop Ms. Howard, Elliptical, CitiFinancial, and others from this proceeding.
In September 2005, an attorney appeared for Elliptical and filed a “motion for surplus funds.” The motion claimed that Elliptical had a superior right to the funds because CitiFinancial’s assignment of the mortgage and note contained a forged signature. Elliptical filed a second comparable motion for surplus funds in November 2005. An attorney filed a notice of appearance for CitiFinancial in January 2006. Thus, in January 2006, the two *1263 parties appeared ready to resolve their respective rights to the money in the registry of the court. From the record, it does not appear that the two parties ever obeyed the court order requiring them to file a joint satisfaction of mortgage. Perhaps such a document was recorded in the public records but not placed in the court file.
Oddly, the next entry in the docket, on November 2, 2010, is a copy of an “Order Directing Deposit of Unclaimed Court Registry Funds with the Chief Financial Officer.”[1] This order was executed by Chief Judge Manuel Menendez, Jr., in a case styled: “In the Matter of Unclaimed Court Registry Funds [Case Number] 10-AF-000037.” Thus, the disputed funds were in the court’s registry from June 2005 until November 2010 without a resolution of the disputed ownership of the funds.
Our record contains no portion of the record in case number 10-AF-000037, except for the copy of this order. We do not know who may have been served or notified of that proceeding. But from our record, when the clerk filed the new proceeding to deposit funds with the Chief Financial Officer, there were two active parties represented by attorneys in this case. They simply had never resolved the disputed issue of ownership of the funds in the registry of the court. The clerk of court apparently filed the application to deposit these funds with the Chief Financial Officer pursuant to section 43.19, Florida Statutes (2011), which allows for an order to deposit funds with the Chief Financial Officer if the money has been deposited with the clerk for five years or more.[2] Section 43.19, however, applies to money deposited with the clerk where the right to withdraw the money “has been adjudicated or is not in dispute.” See § 43.19(1). No one involved with this appeal has argued the point, but it would appear that this fund of money was never actually eligible for deposit with the Chief Financial Officer. We take no position on how that circumstance may affect this case because the order denying the motion can be affirmed without regard to the correctness of the deposit with the Chief Financial Officer.
In August 2011, an amended motion for surplus funds was filed in this case. It was not filed by Elliptical but rather by William Crescenzo and Interest Recovery, Inc. In the motion, they claim to have purchased the “note, mortgage and interest” from Elliptical. The motion states that it was served on a group of parties that all appear to be the parties dropped by the Department of Transportation in 2005. The motion does not appear to have been served on the two attorneys who were actually of record for Elliptical and CitiFinancial.
The amended motion has several supporting documents attached, including two assignments of the “mortgage and interest,” first to Interest Recovery, Inc., and then from that corporation to Mr. Crescen-zo and Interest Recovery, Inc.[3] The assignments are odd documents.[4] They do *1264 not expressly assign or deliver a promissory note to Mr. Crescenzo or his corporation. They do not expressly assign rights to funds held in the registry of the court or by the Chief Financial Officer. For the ten dollars Mr. Crescenzo paid to receive this assignment, he and his corporation received rights under a mortgage that was ordered satisfied in 2005. In the unlikely event that the mortgage is still enforceable, it would be a lien against an interstate highway that is currently under construction.
It does not appear that the circuit court entered any order disposing of the amended motion. Instead, in October 2011, Mr. Crescenzo and Interest Recovery, Inc., filed a motion to direct the Chief Financial Officer to return the funds to the court registry of Hillsborough County. This motion is very similar to the one in Cres-cenzo, No. 2D12-3092. It recites that a copy of the motion has been sent to a list of people, but it does not certify that it has been served on the two lawyers of record.
The motion recites that a copy was sent to the Chief Financial Officer. It does not recite that a copy was provided to the state attorney. Nothing in the record at the time of oral argument demonstrated that the state attorney had been notified. Following oral argument, Mr. Crescenzo supplemented the record with original, non-record documents showing that he sent a copy of the claim to the state attorney by certified mail about the same time that he filed his motion.
The Chief Financial Officer did not move to intervene in the circuit court. As a result, no one objected to Interest Recovery, Inc., being a party unrepresented by counsel. In November 2011, Judge James D. Arnold entered an order denying the motion. The order contains reasoning comparable to that in the order in Cres-cenzo, No. 2D12-3092. Thus, the order denies the motion based on perceived deficiencies under chapter 717, Florida Statutes (2011). Following the entry of this order, Mr. Crescenzo sought to disqualify Judge Arnold. Judge Arnold disqualified himself and eventually Judge Sam Pendino entered an order comparable to the order entered by Judge Arnold. Mr. Crescenzo appealed that order pro se. Interest Recovery did not appeal.
Because Mr. Crescenzo filed his motion in the original eminent domain action, the style on his notice of appeal is “Department of Transportation v. Ethel Howard, et al.” Neither the Department of Transportation nor Ethel Howard has been a party in the circuit court for many years. This court has identified Interest Recovery as an appellee for the same reasons that the court identified it as an appellee in Crescenzo, No. 2D12-3092. No one appeared on its behalf in this appeal.
Technically, CitiFinancial Mortgage Company, Inc., and Elliptical, Inc., may be appellees to this appeal. But given that (1) no one provided their attorneys with any notice of the renewed proceedings in the trial court, (2) they showed no interest in the circuit court proceeding between early 2006 and 2012, (3) they have been given no notice of this appeal, and (4) the outcome of this appeal is not adverse to them, we decline to treat them as appel-lees.[5] A copy of the opinion, however, will *1265 be sent to their attorneys of record in the circuit court. The only entity that has wished to advocate against Mr. Crescenzo in this appeal has been the Department of Financial Services, which appeared as an “amicus curiae.” At oral argument, this court allowed the Department to argue the case as if it were the appellee. We are confident that Mr. Crescenzo has timely appealed an order that is final and adverse to him, but we have little confidence as to what party, if any party, should actually be the primary appellee.
Our holding in this case is comparable to the one in Crescenzo, No. 2D12-3092. The trial court properly denied the motion because the trial court had no legal basis to direct the Chief Financial Officer to return funds to the court’s registry when the circuit court had no personal jurisdiction over the Chief Financial Officer and the motion contained no legal basis to require a return of such funds.
Affirmed.
DAVIS, C.J., and CRENSHAW, J, Concur.

. The progress docket indicates notices of hearing and cancellations of hearings in 2006 but nothing that actually resolved the issue of entitlement to the funds in the registry.

. This record, as explained earlier, does not have a copy of the clerk’s application. We are assuming it was comparable to the application filed in case number 2D 12-3092.

. This chain of assignments is similar to the assignments in Crescezno, No. 2D 12-3092.

. The assignment from Elliptical to Interest Recovery, Inc., is executed by Jo Catlin Valen-ciano, "as President of Elliptical, Inc., merger to Oceanside Mortgage, Inc.” The date of the assignment is August 11, 2011. One of the other attachments to the amended motion is *1264 an affidavit from Jo Catlin Valenciano, explaining that the corporation has been a dissolved corporation since 2007 or 2008.

. The unresolved dispute between these parties was not disclosed in the briefing. This court first appreciated that the two parties were represented by counsel in the trial court well after the case had been perfected for oral argument.